UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENE EDWARD RIVAS,             Case No.
a Citizen of Nicaragua,           Judge:

       Plaintiff,

vs.

GLOBAL INFRASTRUCTURE, LLC.,
a Florida Corporation,

       Defendant.
_____/

| COCHRAN, FOLEY & ASSOCIATES, P.C. |
| --- |
| BY: **TERRY L. COCHRAN, P35890** |
| Attorney for Plaintiff |
| 15510 Farmington Road |
| Livonia, MI 48154 |
| (734) 425-2400; (734) 425-7885 – fax |
| tcochran@cochranfoley.com |

_____/

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

NOW COMES the above-named Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. and for his Complaint and Jury Demand against Defendant Global Infrastructure, LLC. states as follows:

### COUNT I

### (GENERAL AND JURISDICTIONAL ALLEGATIONS)

1. Plaintiff Rene Rivas enjoys dual citizenship with the Country of Nicaragua and the United States of America and is currently residing in the City of Managua, Nicaragua.

2. Defendant Global Infrastructure, LLC. is a Florida corporation with corporate identification number 264120287 with Registered Agent Michael W. Moskowitz located at 800 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334.

3. At all times stated herein, Defendant Global Infrastructure, LLC. was engaged in the business of providing environmental remediation services for water-related disaster recovery including oil spills resulting in the cleaning of lakes, streams and other waterways including the County of Kalamazoo, State of Michigan.

4. The amount in controversy is in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

5. In this case, admiralty and maritime jurisdiction attaches, as herein more fully appears, within the meaning of 46 USCA 30104 et seq., Federal Common law and Federal Rule of Civil Procedure 9(h).

6. In this case, jurisdiction attaches as a result of diversity of citizenship between Plaintiff Rene Rivas and Defendant Global Infrastructure, LLC.

7. From July 12, 2010 to September 11, 2010, Defendant Global Infrastructure, LLC. employed Plaintiff Rene Rivas as a deckhand on vessels commonly referred to as skimmers equipped with extended booms to collect oil on the surface of oceans, lakes, rivers and streams throughout the United States.

8. On August 15, 2010, Defendant Global Infrastructure, LLC. transferred Plaintiff Rene Rivas to Kalamazoo, Michigan to participate in the recovery of oil from lakes and streams within Michigan, including Lake Marrow, as a result of the Imbridge Oil Spill.

9. On August 19, 2010, Defendant Global Infrastructure, LLC. through its employees and agents assigned Plaintiff Rene Rivas to work upon a landing craft work vessel commonly referred to a conveyor skimmer with a brush skimmer unit resembling a

conveyor belt.

10. The conveyor skimmer vessel had two booms attached to the bow area that extended forward to the right and to the left to collect and direct oil on the water's surface to the conveyor skimmer device.

11. When deployed and activated, the conveyor would draw the oil into the front hall of the vessel's container system.

12. To deploy the conveyor system, a hydraulic system was used to move the conveyor unit forward and down into the water in front of the vessel's bow.

13. On August 19, 2010, the hydraulic system designed to deploy the conveyor system was not operational, and Plaintiff Rene Rivas was instructed to use a manual ratchet with a strap system device to gradually slide the conveyor unit forward and down into the water.

14. Plaintiff Rene Rivas and his coworker Mark Deacon, were instructed to work together with each assigned to one side of the conveyor unit and to gradually allow the conveyor unit to fall forward into bracket by slowing releasing the straps since allowing the conveyor unit to fall too quickly could damage the brackets designed to hold the conveyor unit during the oil collection operation.

15. While releasing the straps, co-worker Mark Deacon lost his grip causing the conveyor unit to fall forward.

16. Plaintiff Rene Rivas reacted to protect the integrity of the vessel and preserve the conveyor unit by attempting to grab and slow the conveyor unit with his left hand and arm resulting in Plaintiff Rene Rivas sustaining a serious left shoulder injury more fully described herein.

17. Plaintiff Rene Rivas reported the injury to his supervisor and was referred to an industrial clinic for emergency treatment.

18. Plaintiff Rene Rivas was given light duty when he returned to his employment and discharged as a result of no work on September 11, 2010.

19. After the injury, Plaintiff Rene Rivas repeatedly requested medical care including surgery and physical therapy as well as maintenance during his period of disability and convalescence, and his requests were denied and ignored without a reasonable explanation and in a callous and indifferent manner given the extent and nature of Plaintiff Rene Rivas' left shoulder injury.

WHEREFORE, Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. hereby demands judgment against Defendant Global Infrastructure, LLC. in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT II

## (JONES ACT – NEGLIGENCE)

20. Plaintiff Rene Rivas incorporates by reference each and every Count enumerated above as if fully stated herein.

21. At all times stated herein, Defendant Global Infrastructure, LLC. employed Plaintiff Rene Rivas as a seaman and Plaintiff sustained serious and permanent personal injuries within the scope of his employment as a seaman.

22. Defendant Global Infrastructure, LLC. through its employees, agents or subcontractors, owed Plaintiff Rene Rivas certain duties as a seaman pursuant to 46 USCA § 30104 (The Jones Act) incorporating by reference 45 USCA § 51 (Federal Employees Liability Act) a duty of reasonable care and breached said duties by way of illustration and

4

not limitation:

    a. Failing to provide a safe boat to perform the ordinary operation of skimming oil from rivers and lakes;

    b. Failing to properly affix the skimmer to the boat;

    c. Failing to properly inspect and discover that the skimmer was not properly attached to the boat;

    d. Failing to warn Plaintiff that the skimmer was not properly attached to the boat;

    e. Failing to properly instruct Plaintiff in the operation of the skimmer and boat.

23. Defendant Global Infrastructure, LLC. had a duty to maintain a safe work place for Plaintiff Rene Rivas pursuant to 33 USC 941 and MCLA 408.1011 statute including OSHA and MIOSHA regulations and violated said statute and regulations constituting negligence per se, by way of illustration and not limitation:

    a. Failing to maintain a safe workplace against recognized hazards;

    b. Failing to have an accident prevention program in violation of 29 CFR §1926.2;

    c. Failing to properly affix the skimmer on the boat to prevent the machinery from walking during operation that was designed to be anchored to the craft in violation of 29 CFR 1910.212(b);

    d. Failing to take the vessel out of service because of the damaged skimmer equipment in violation of 29 CFR 1910.132.

WHEREFORE, Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. hereby demands judgment against Defendant Global Infrastructure, LLC. in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT III

## (MAINTENANCE AND CURE)

24. Plaintiff Rene Rivas incorporates by reference each and every Count enumerated above as if fully stated herein.

25. At all times stated herein, Defendant Global Infrastructure, LLC. employed Plaintiff Rene Rivas as a seaman, and Plaintiff sustained serious and permanent personal injuries within the scope of his employment as a seaman while in the service of the vessel.

26. As a proximate and direct result of the serious and permanent personal injuries sustained, Plaintiff Rene Rivas has and will incur medical expenses including surgery, hospitalization, rehabilitation, prescription medications for which he seeks compensation.

27. As a direct and proximate result of the serious and permanent personal injuries herein described, Plaintiff Rene Rivas has and will continue to be disabled from employment and has and will require living expenses during the period of his disability, treatment and convalescence for which he seeks compensation.

28. Defendant Global Infrastructure, LLC. failed to pay Plaintiff Rene Rivas for his full wages until the end of his employment with Defendant Global Infrastructure, LLC. and Plaintiff is entitled to two days wages for each day payment is delayed pursuant to 46 USCA § 10313(g) and 10504 (c) for which he demands payment.

29. Defendant Global Infrastructure, LLC.'s conduct in withholding maintenance and cure was arbitrary, callous, capricious, intentional and willful and Plaintiff Rene Rivas demands punitive damages along with attorney fees are claimed.

30. Defendant Global Infrastructure, LLC.'s conduct in withholding maintenance and cure has resulted in Plaintiff Rene Rivas sustaining enhanced damages including, by way of illustration and not limitation, wage loss; loss of earnings capacity,

increased treatment, pain and suffering and loss of social pleasures for which he seeks compensation.

WHEREFORE, Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. hereby demands judgment against Defendant Global Infrastructure, LLC. in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT IV

### (UNSEAWORTHINESS OF VESSEL)

31. Plaintiff Rene Rivas incorporates by reference each and every Count enumerated above as if fully stated herein.

32. At all times stated herein, Defendant Global Infrastructure, LLC. employed Plaintiff Rene Rivas as a seaman and Plaintiff sustained serious and permanent personal injuries within the scope of his employment as a seaman.

33. Defendant Global Infrastructure, LLC. assigned Plaintiff Rene Rivas to work upon the vessel described herein and at all times stated herein, the subject vessel was unseaworthy and not reasonably fit for its intended use, by way of illustration and not limitation:

   a. Failing to properly maintain the vessel so that the skimmer was properly attached to the boat and not subject to sliding and becoming detached.

WHEREFORE, Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. hereby demands judgment against Defendant Global Infrastructure, LLC. in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT V

## (DAMAGES)

34. Plaintiff Rene Rivas incorporates by reference each and every Count enumerated above as if fully stated herein.

35. As a direct and proximate result of Defendant Global Infrastructure, LLC.'s negligent conduct in violation of the Jones Act through its employees, agents and subcontractors, failure to provide maintenance and cure and providing an unseaworthy vessel that was not fit for its intended use, Plaintiff Rene Rivas has sustained the following serious and permanent personal injuries, by way of illustration and not limitation as follows:

   a. Left shoulder hypertrophy of the acromioclavicular joint in association of the acromion III;

   b. Tearing and injury to the supraspinatus tendon and bursitis of the left arm; and

   c. A subchondrial cyst in the superior labrum of the glenoid neck.

36. As a direct and proximate result of Plaintiff Rene Rivas' left shoulder injury described herein, Plaintiff Rene Rivas has sustained and will sustain in the future permanent disability resulting in lost wages and loss of earning capacity for which he seeks compensation.

37. As a direct and proximate result of Plaintiff Rene Rivas' left shoulder injury described herein, Plaintiff Rene Rivas has and will incur medical expenses including surgery, hospitalization, rehabilitation, prescription medication for which he demands compensation.

38. As a direct and proximate result of Plaintiff Rene Rivas' left shoulder injury described herein, Plaintiff Rene Rivas has and will continue to require living expenses for which he seeks compensation.

39. As a direct and proximate result of Plaintiff Rene Rivas' left shoulder injury described herein, Plaintiff Rene Rivas has and will experience severe and permanent pain and suffering for which he seeks compensation.

40. As a direct and proximate result of Plaintiff Rene Rivas' left shoulder injury described herein, Plaintiff Rene Rivas has and will experience in the future emotional distress, humiliation and mortification and other psychological and emotional upset for which he seeks compensation.

41. As a direct and proximate result of Plaintiff Rene Rivas' left shoulder injury described herein, Plaintiff Rene Rivas has sustained a disabling injury that will impair and compromise his ability to engage in and enjoy social and recreational pursuits for which he seeks compensation.

42. As a direct and proximate result of Defendant Global Infrastructure, LLC.'s conduct in willfully and intentionally withholding maintenance and cure Plaintiff has experienced enhanced damages including, by way of illustration and not limitation: wage loss, loss of earning capacity, increased treatment, pain and suffering and loss of social pleasures for which he seeks compensation.

43. As a direct and proximate result of Defendant Global Infrastructure, LLC.'s conduct in willfully and intentionally withholding maintenance and cure, Plaintiff Rene Rivas demands punitive damages along with an award of attorney fees pursuant to 46 USCA § 10313(g) and 10504(c).

WHEREFORE, Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. hereby demands judgment against Defendant Global Infrastructure, LLC. in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

  /S/Terry L. Cochran  
COCHRAN FOLEY AND ASSOCIATES, P.C.  
BY:  TERRY L. COCHRAN, P35890  
Attorney for Plaintiff  
15510 Farmington Road  
Livonia, Michigan  48154  
(734)  425-2400  

Dated:  June 3, 2012

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENE EDWARD RIVAS,                               Case No.
a Citizen of Nicaragua,                              Judge:

        Plaintiff,

vs.

GLOBAL INFRASTRUCTURE, LLC.,
a Florida Corporation,

        Defendant.
_____/

COCHRAN, FOLEY & ASSOCIATES, P.C.
BY:  **TERRY L. COCHRAN, P35890**
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154
(734) 425-2400; (734) 425-7885 – fax
tcochran@cochranfoley.com
_____/

## JURY DEMAND

NOW COMES the above-named Plaintiff, Rene Rivas, by and through counsel, Cochran, Foley & Associates, P.C. and hereby demands trial by jury of the facts and issues of the above-captioned matter pursuant to 46 USCA § 30104 et. seq.

        S/Terry L. Cochran
        COCHRAN FOLEY AND ASSOCIATES, P.C.
        BY:  TERRY L. COCHRAN, P35890
        Attorney for Plaintiff
        15510 Farmington Road
        Livonia, Michigan  48154
        (734) 425-2400

Dated:  June 3, 2012